UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MAURY TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No.: 1:04-CV-479 |
| v. ) | (1:01-CR-24) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed on December 20, 2004, by the Petitioner, Maury Turner ("Turner"), as well as Turner's Motion for Appointment of Counsel filed on that same date. The United States Attorney, on behalf of Respondent United States of America, filed a response to the motion on February 16, 2005. Turner then filed a reply brief on April 26, 2005.[1] For the reasons set forth herein, both of Turner's motions are DENIED.

**I. BACKGROUND**

This case arose following the filing of a one-count indictment against Turner alleging a violation of 21 U.S.C. § 844. Turner was charged with possession of more than five grams of "crack" cocaine. Turner pleaded guilty to this charge on March 11, 2002, and, on September 9, 2002, he was sentenced to 63 months imprisonment. On March 14, 2002, three days after having entered his conditional plea of guilty in this case, Turner was arrested again, this time on a charge of distribution of crack cocaine. Turner was charged in federal court on this offense by

---

[1] Turner titled his reply brief "Response to Government's Motion." The government has not filed a motion in this case but, despite the title of the brief, it is clear that it was intended as a reply to the government's response to Turner's motion under § 2255.

way of a criminal complaint filed on March 15, 2002. On March 27, 2002, a grand jury returned a two-count indictment against Turner, alleging violations of 21 U.S.C. § 860 (distribution of crack cocaine within 1,000 feet of a school) and 21 U.S.C. § 841(a)(1), possession with intent to distribute crack cocaine. These charges were contained in a separate case, docketed as Case Number 1:02-CR-36.[2] While Turner pleaded guilty in the case at bar, he pleaded not guilty in the second case and proceeded to trial on those charges. On May 22, 2002, a jury found Turner guilty on both of the charges in that case.

The sentencing hearings in these two cases were both held on September 9, 2002. As stated above, Turner was sentenced to 63 months imprisonment in the present case. In Case Number 1:02-CR-36, he was sentenced to 33 months on the first count (with 21 of those months to run concurrently and 12 months to run consecutively with the sentence in this case) and 12 months on the second count (with all 12 months to run concurrently with the sentence in this case).

Turner appealed both cases. The appeals were consolidated in the Seventh Circuit Court of Appeals and Turner's convictions were affirmed in their entirety on December 17, 2003. *See United States v. Turner*, 84 F.3d 670 (7th Cir. 2003).

**II. DISCUSSION**

In this case, Turner raises only one issue for the court's consideration–that of ineffective assistance of counsel. Petitioner's Motion, page two. In support of this contention, Turner states as follows:

Petitioner holds that his counsel's failure to properly investigate the alleged facts

---

[2] Turner has also filed a motion pursuant to § 2255 and motion for appointment of counsel in this second case. The court is issuing a separate Memorandum of Decision and Order under that case number simultaneously with this Order.

>of police officer's testimony prejudiced the Defendant.  Had his counsel done so, Petitioner believes that the end result would have, combined with the Court's doubts, produced a more favorable outcome.  Key facts about the scene of the traffic stop and the officer's relation of the events would have proved to the Court beyond a reasonable doubt that the police testimony was less than credible . . . .

Petitioner's Memorandum in Support of Motion to Vacate, p. 2.  Obviously, Turner contends that his sentence in this case should be vacated, set aside, or corrected since his attorney allegedly failed to "properly investigate" the facts and circumstances related to his arrest.  According to Turner, had his attorney conducted such an investigation (or, perhaps, a more thorough investigation), it would have called into question the credibility of the arresting officer or officers which, in turn, would have resulted in "a more favorable outcome."

To make out a successful ineffective assistance of counsel claim, the petitioner must demonstrate that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial.  See *Strickland v. Washington*, 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Because one must show both deficient performance and prejudice to prevail on an ineffective assistance of counsel claim, a failure to show one or the other will defeat the claim.

"With regard to the performance prong, [the] defendant must direct the court to the specific acts or omissions which form the basis of his claim.  The court must then determine whether, in light of all the circumstances, the alleged acts or omissions were outside the wide range of professionally competent assistance."  *Fountain v. United States*,  211 F.3d 429, 434 (7th Cir. 2000).  "Moreover, claims that an attorney was ineffective necessarily involve inquiries into an attorney's trial strategies, which in turn requires facts which usually are not contained in the trial record.  As such, many trial determinations, like so many 'other decisions that an attorney must make in the course of representation[, are] a matter of professional judgment.'" *Id.*

(quoting *United States v. Berkowitz*, 927 F.2d 1376, 1382 (7th Cir.1991)).  Thus, the Court must not second guess trial counsel, evaluating the conduct from counsel's perspective at the time, and indulging a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance, *United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir.1991), all the while resisting the natural temptation to become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir.1990).

Should petitioner satisfy the performance prong, he must then fulfill the prejudice prong by demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *United States v. Starnes*, 14 F.3d 1207, 1209-10 (7th Cir.1994).  "In making the determination whether the specified errors resulted in the required prejudice, a court should presume ... that the judge or jury acted according to law." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

Turner, for several reasons, fails to meet his burden in this present motion.  First, as the government points out, Turner's argument is merely conclusory.  He does not state precisely how his attorney's performance was deficient, other than to state that his lawyer should have conducted a investigation, or a more thorough investigation, into the arresting officer's or officers' assertion of the facts surrounding Turner's arrest.  The most fatal flaw in Turner's argument is that the issue he presents in his motion has already been presented and rejected by this court and the court of appeals.  At the heart of Turner's argument is the issue of the credibility of the police officers who arrested him.  In his present motion, Turner simply recharacterizes the argument as one of ineffective assistance of counsel.

Turner's court-appointed attorney was successful in obtaining a suppression hearing in this case, based on the circumstances of Turner's arrest.  At that hearing, the arresting officers

testified regarding the events surrounding the arrest.  While this court found that testimony to be inconsistent on one fact, it also found the testimony overall to be credible.  As the Seventh Circuit stated in its review of the issue: "At the suppression hearing, both officers testified to substantially the same scenario, with a few minor inconsistencies."  *United States v. Turner*, 84 Fed.Appx. 670 (7th Cir. 2003) (unpublished opinion).  Following the presentation of evidence at the suppression hearing, this court concluded that the arresting officers had probable cause to stop Turner and search his vehicle.  During that search, the officers found what appeared to be (and turned out to be) cocaine.  Ultimately, they discovered cocaine, crack cocaine, and marijuana in Turner's possession.

In his § 2255 motion, Turner simply repeats the same issues that were presented to the court during that suppression hearing, and which were presented to the court of appeals.  Obviously, Turner has been unsuccessful with his argument at both the district court level and the appellate level.  As stated, he now seeks to raise the very same argument again, cloaked as an ineffective assistance of counsel claim.  And all of this notwithstanding the fact that his attorney was successful in securing a full evidentiary hearing which, among other things, brought to the forefront the issue of the credibility of the arresting officers.

Not only was Turner's attorney able to obtain a suppression hearing, but he also ensured that Turner could appeal the denial of that motion.  Turner pleaded guilty in this case, but in his plea he reserved the right to appeal this court's ruling on the suppression motion.  Based on this, it is impossible to conclude that Turner's representation was in any way ineffective.  In its response to Turner's present motion, the government sums up the entire the situation well.  The government wrote:

> From the record in this case, it cannot be ascertained whether there even was a failure to investigate.  In fact, the transcripts of the suppression hearing and the

> extensive defense briefing of the suppression issues thereafter established that Turner's defense counsel fought vigorously and effectively on the suppression issues.  Further, defense counsel attacked the credibility of the officers and the alleged inconsistencies in their testimony both in the suppression hearing and in the briefing.  The alleged inconsistencies were raised well enough by trial defense counsel that it provided the foundation for the sole attack in Turner's appeal.  The alleged inconsistencies, as noted by the Seventh Circuit, are simply minor or irrelevant to a court's determination regarding the propriety of the stop.

Government's Response to Turner's § 2255 Petition, p. 4.

There is yet another reason why Turner's argument must fail.  It is well established that a motion under § 2255 is neither a recapitulation of, nor a substitute for, direct appeal.  *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995).   In this case, Turner has, in fact, appealed these same issues, though not characterized as a claim of ineffective assistance of counsel.

For all of the reasons expressed herein, Turner wholly fails to make out a claim of ineffective assistance of counsel.  He fails to establish that any acts or omissions of his attorney "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070.  That conclusion alone dooms his motion.  In addition, however, even assuming for the sake of argument that Turner could meet that threshold burden, the record in no way supports any argument Turner could make that the result of this proceeding would have been any different.  Accordingly, Turner's claim of ineffective assistance of counsel fails and his motion must be denied.

As for Turner's motion for appointment of counsel, and his accompanying "Request to Proceed In Forma Pauperis," that is also denied.  Since the court has determined that Turner's § 2255 motion must fail, there is obviously no basis for the appointment of counsel in this case.

One final point must be made.  A petitioner who has a § 2255 motion denied can, under certain circumstances, appeal that denial.  However, pursuant to 28 U.S.C. § 2253, a prisoner seeking appellate review of a district court's denial of a § 2255 motion must obtain a certificate

of appealability. 28 U.S.C. § 2253(c)(1). Seventh Circuit Rule 22.1, which addresses certificates of appealability, states in relevant part:

> The procedures of Fed.R.App.P. 22(b) apply to requests for certificates of appealability in actions under 28 U.S.C. § 2255....A district judge who concludes that the amendments to 28 U.S.C. § 2253(c) prevent that court from acting on the request for a certificate of appealability should nonetheless state how the judge would have ruled, were the court authorized to take dispositive action.

Circuit Rule 22.1(a) and (c). Thus, it falls to this court to determine whether a certificate of appealability should issue in the present case, or at least to state how it would rule on such a request.

Section 102 of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), provides that a Certificate of Appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253. The Seventh Circuit has held that in order to obtain a Certificate of Appealability, "[a] petitioner...must . . . demonstrate that an issue is debatable among jurists of reason or that the questions 'deserve encouragement to proceed further.'" *Porter v. Gramley*, 112 F.3d 1308, 1312 (7th Cir. 1997) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394-5 & n.4 (1983)).

The standard for determining whether to issue a Certificate of Appealability has been set forth by the United States Supreme Court as follows:

> [P]robable cause requires something more than the absence of frivolity [and] the standard [for issuance of a certificate of probable cause] is a higher one than the 'good faith' requirement of § 1915....[A] certificate of probable cause requires petitioner to make a 'substantial showing of the denial of a federal right....'Obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different

  manner; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* (internal quotations and citations omitted).

  In this case, given the foregoing discussion, it cannot be said that the issues presented are debatable among jurist of reasons or that the questions presented in Turner's petition are adequate to deserve encouragement to proceed further.  As such, any request for a Certificate of Appealability presented to this court will be denied.

## CONCLUSION

For the reasons set forth above, the Motion to Vacate, Set Aside, or Correct Sentence filed by Petitioner Maury Turner is DENIED.  Turner's Motion for Appointment of Counsel is also DENIED.

  SO ORDERED.

  Entered: June 20, 2005.

             /s/   William C. Lee
             William C. Lee, Senior Judge
             United States District Court
             Northern District of Indiana